UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY B. LINDSEY,

                              Plaintiff,

            v.                                                  1:07-CV-1259
                                                                         (LEK/DRH)
MR. KAISER, Chief of Police; R. RIVET, Police Officer;         (Lead Case)
R.C. FRENCH, Police Officer,

                              Defendants.
_____

LARRY B. LINDSEY,

                              Plaintiff,

            v.                                                  1:07-CV-1287
                                                                         (LEK/DRH)
MR. KAISER, Chief of Police; WILLIAM WADE, JR.,           (Member Case)
Police Officer,

                              Defendants.
_____

APPEARANCES:

LARRY B. LINDSEY
Plaintiff, *pro se*

HON. LAWRENCE E. KAHN
U.S. District Judge

## DECISION and ORDER

By Decision and Order filed January 7, 2008, Plaintiff Larry B. Lindsey was directed to file an amended complaint in this consolidated action. Dkt. No. 6 at 4 (the "January Order").

Plaintiff's submission in response to the January Order is before this Court for review. Dkt. No. 7.

By his original Complaints, Plaintiff appeared to claim that his constitutional rights were violated because state court criminal proceedings were conducted against him during the period

March through May, 2007, on the basis of allegedly invalid and insufficient accusatory instruments.[1]  In the January Order, the Court determined that Plaintiff's claims for money damages against the Defendant police officers implicate the validity of Plaintiff's convictions. However, while the Complaints contained references to the dismissal of charges and/or proceedings, Plaintiff did not sufficiently identify the matters to which he referred.[2]  As a result, the Court was not able to determine whether Plaintiff's convictions or sentences have been invalidated and, therefore, whether some or all of his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Upon review, the Court finds that Plaintiff's seventy-one page submission in response to the January Order is not a proper pleading and, moreover, fails to state a claim for the violation of Plaintiff's rights upon which relief may be granted by this Court.[3]  Plaintiff did not file an amended complaint setting forth a short and concise statement of his claim against the named Defendants and of the facts upon which he relies in support thereof.  Rather, Plaintiff's submission simply states that one charge (attempted rape) was dismissed on September 21, 2007, and then sets forth legal arguments and citations in support of his position that the accusatory

---

[1] Plaintiff filed two other § 1983 actions arising out of these same criminal proceedings. See Lindsey v. DeAngelis, 1:07-CV-0753 (LEK/GHL) (dismissed Aug. 2, 2007); Lindsey v. Tutunjia, 1:07-CV-0754 (LEK/GHL) (dismissed Aug. 7, 2007).  Plaintiff has also filed two petitions seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 with respect to these same criminal proceedings.  See Lindsey v. Kruegler, 9:07-CV-0800 (GLS/DRH) (dismissed Oct. 1, 2007); Lindsey v. Sheriff, 9:07-CV-1100 (GLS/DRH) (dismissed Jan. 7, 2008).

[2] See Lindsey v. Kaiser, 1:07-CV-1259 (Complaint at 5-6); Lindsey v. Kaiser, 1:07-CV-1287 (Complaint at 5).

[3] In addition to numerous state court records, including an October 22, 2007 letter acknowledging Petitioner's state court notice of appeal of three criminal matters, the submission includes a twenty-six page transcript of proceedings conducted September 21, 2007 in Rensselaer County Court.  Dkt. No. 7.

instruments were defective. Dkt. No. 7 at 1-5. As drafted, the amended complaint is not susceptible of a response by the named Defendants. Moreover, it is clear from the Court's review of Plaintiff's submission that the relief he seeks in this action is the dismissal of a state court order of protection which he considers to be unlawful. See Dkt. No. 7 at 1. The relief sought by Plaintiff is not available in this § 1983 action. Additionally, because Plaintiff has not demonstrated that the order of protection was issued in violation of his rights or that it has been invalidated, any claims for monetary damages related thereto are barred by Heck.

In sum, having read the amended complaint in a light most favorable to Plaintiff, the Court finds that the claims asserted therein are not sufficient to state a claim pursuant to 42 U.S.C. § 1983.

WHEREFORE, it is hereby

ORDERED, that Case Nos. 1:07-CV-1259 and 1:07-CV-1287, consolidated by previous Order of this Court (Dkt. No. 6), are **DISMISSED**; and it is further

ORDERED, that each of these two dockets are to be CLOSED by the Clerk of the Court; and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on Plaintiff by regular mail.

**IT IS SO ORDERED**.

DATED:   March 05, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge